**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br>**v.**<br><br>**DONALD C. O'NEILL, et al.**<br><br>**Defendants;**<br><br>**DANIELLE O'NEILL, et al.,**<br><br>**Relief Defendants.** | **Civil Action No. 02-61307 CIV-GOLD**<br>**Magistrate Judge Simonton** |

FILED by [signature] D.C.
OCT 0 4 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## CONSENT DECREE AND ORDER OF PRELIMINARY INJUNCTION

It appears to this Court that Plaintiff Commodity Futures Trading Commission ("Commission") and Defendants Donald C. O'Neill, Frecom Technology Corporation, Momentum Trading Group, Ltd., NDT Fund, LLC, Orca Funds, Inc., Orca Capital Fund A, LLC, Orca Mohave A, LLC, Orca Hopi A, LLC, and Shelaley Holdings, LLC, (the "Defendants") as well as Intro FX, LLC, a company newly-discovered to be owned by O'Neill, (collectively, the Defendants and Intro FX, LLC are referred to as "the Consenting Parties"), solely for the purposes of this action, have consented to the following:

1. The Defendants have been served with the Complaint in the above-captioned action, the Consenting Parties admit jurisdiction of this court, solely for the purposes of this Order, over their persons and the subject matter, and that venue properly lies with this Court;

30 H

2. The Consenting Parties, without waiving any defenses or claims, including subject matter jurisdiction, consent to the entry of this Consent Decree And Order Of Preliminary Injunction ("Order");

3. The Consenting Parties waive the right to a preliminary hearing on the merits of the issues covered in this Order, and the right to appeal from the entry of this Order;

4. The Consenting Parties affirm that they shall cooperate with the Commission to locate all assets of the Consenting Parties and to provide an accounting, based upon the books and records within their custody and control, of the assets of the Consenting Parties, and to perform all other acts set forth in this Order;

5. The Consenting Parties affirm that no promises, coercion or threats or any kind whatsoever have been made by the Commission, or by any representative of the Commission, in consideration of this Consent Decree and Order, and that they each enter into this Consent Decree and Order freely, knowingly and willfully;

6. The Consenting Parties acknowledge and confirm that the Commission may seek leave of this Court to amend the Complaint to this action as may be appropriate;

7. The Consenting Parties acknowledge that this Consent Decree and Order embody the entire agreement and understanding between the Commission and the Consenting Parties, and that no other oral or written agreement exists between the Commission and the Consenting Parties relating to this action; and

8. The Consenting Parties consent to the continued jurisdiction of this Court for the purposes of enforcing the terms and conditions of this Order, and all other relevant purposes; and

9. The Court having hereby ordered, for the purposes of entering this Order, that it has jurisdiction over the subject matter of this case pursuant to Section 6c of the Commodity Exchange Act ("Act"), 7 U.S.C. §13a-1 (2001).

**10. DEFINITIONS**

For the purposes of this Order, the following definitions apply:

1. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, lines of credit, contracts, insurance policies, credit or debit accounts, securities, foreign currency contracts, and all cash, wherever located.

2. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3. "Consenting Parties" means Defendants Donald C. O'Neill, Frecom Technology Corporation, Momentum Trading Group, Ltd., NDT Fund, LLC, Orca Funds, Inc., Orca Capital Fund A, LLC, Orca Mohave A, LLC, Orca Hopi A, LLC, and Shelaley Holdings, LLC ("Consenting Parties"), as well as Intro FX, LLC, and any other person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Consenting Parties, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with any of the Consenting Parties.

## RELIEF GRANTED

***Prohibited Conduct***

**I.**

**IT IS HEREBY ORDERED** that Consenting Parties, along with any of their agents, servants, employees or assigns and persons in active concert or participation with any of them who receives actual notice of this Order by personal service or otherwise, and all other persons or entities served with a copy of this Order, be and hereby is preliminarily restrained and enjoined, directly or indirectly, from:

(A) in or in connection with orders to make, or the making of, contracts of sale for future delivery, made, or to be made, for or on behalf of any other persons, where such contracts for future delivery were or could be used for the purposes set forth in Section 4b(a) of the Act, 7 U.S.C. § 6b(a) (2001), violating Section 4b(a)) of the Act, 7 U.S.C. § 6b(a) (2001), by:

(i) cheating or defrauding or attempting to cheat or defraud other persons;

(ii) willfully making or causing to be made to other persons false reports or statements thereof, or willfully entering or causing to be entered for other persons false records thereof; and

(iii) willfully deceiving or attempting to deceive other persons,

and

(B) in or in connection with any account, agreement, contract or transaction described in Section 2(c)(1) of the Commodity Exchange Act, 7 U.S.C. §2(c)(1) (2001), to the extent that it is subject to the exercise of the Commission's jurisdiction as provided in Section 2(c)(2)(B) of the Commodity Exchange Act, 7 U.S.C. §2(c)(2)(B) (2001), violating Commission Regulation 1.1, 17 C.F.R. § 1.1 (2002), by:

(i) cheating or defrauding or attempting to cheat or defraud any person;

(ii) willfully making or causing to be made to any person false reports or statements, or willfully entering or causing to be entered for other persons false records thereof; and

(iii) willfully deceiving or attempting to deceive other persons by any means whatsoever.

II.

**IT IS FURTHER ORDERED** that the Consenting Parties, along with any of their agents, servants, employees or assigns and persons in active concert or participation with any of them who receives actual notice of this Order by personal service or otherwise, and all other persons or entities served with a copy of this Order, are restrained and enjoined, directly or indirectly, from violating Section 4b(a) of the Act, 7 U.S.C. § 6b(a) (2001), by cheating or defrauding investors or potential investors by making material misrepresentations, among other means; providing false statements or reports; and employing devices, schemes or artifices to defraud investors or prospective investors, or engaging in transactions, practices or courses of business that operate as a fraud or deceit upon investors or prospective investors.

III.

**IT IS FURTHER ORDERED** that the Consenting Parties, along with any of their agents, servants, employees or assigns and persons in active concert or participation with any of them who receives actual notice of this Order by personal service or otherwise, and all other persons or entities served with a copy of this Order, are restrained and enjoined, directly or indirectly, from violating Commission Regulation 1.1, 17 C.F.R. §1.1 (2002) in or in connection with any account, agreement, contract or transaction described in Section 2(c)(1) of the Commodity Exchange Act, 7 U.S.C. §2(c)(1) (2001), to the extent that it is subject to the exercise of the Commission's jurisdiction as provided in Section 2(c)(2)(B) of the Commodity Exchange Act, 7 U.S.C. §2(c)(2)(B) (2001), by cheating or defrauding any person by making

material misrepresentations, among other means; providing false reports or statements or causing any person to enter a false record; and deceiving or attempting to deceive any person by any means whatsoever.

**IV.**

**IT IS FURTHER ORDERED** that the Consenting Parties, along with any of their agents, servants, employees or assigns and persons in active concert or participation with any of them who receives actual notice of this Order by personal service or otherwise, are restrained and enjoined from, directly or indirectly, soliciting or accepting any new customers for commodity futures or commodity options trading and soliciting or accepting any new deposits of funds from existing customers.

*Asset Freeze*

**V.**

**IT IS HEREBY ORDERED** that Consenting Parties, except as otherwise ordered by this Court, are hereby restrained and enjoined from, directly or indirectly:

A. transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including assets held outside the United States, except as provided in Paragraphs VI and VII of this Order, or as otherwise ordered by the Court;

B. opening or causing to be opened any safe deposit boxes titled in the name or subject to access by any of the Consenting Parties.

C. Notwithstanding the provisions of this paragraph, Consenting Parties shall transfer possession of all their assets pursuant to Paragraph VIII of this Order.

The assets affected by this paragraph shall not include assets that have been obtained by Consenting Parties after the entry of this Order and are not derived from or otherwise related to

illegal activities such as those alleged in the Commission's Complaint ("legally obtained after acquired assets"); however, no purportedly legally obtained after acquired assets shall be dissipated, transferred or used for any purpose until the Receiver has been provided with verification of the source, amount, and location of all purportedly legally obtained after acquired assets and made a determination that such assets are in fact legally obtained after acquired assets. Any dispute between the Receiver and the Consenting Parties regarding purportedly legally obtained after acquired assets shall be resolved by the Court.

**VI.**

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of either Consenting Parties, or has held, controlled, or maintained custody of any such account or asset of Consenting Parties at any time since January 1, 2001, shall:

A. Prohibit Consenting Parties and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset except as otherwise directed by further order of the Court;

B. Deny Consenting Parties and all other persons access to any safe deposit box that is:

1. titled in the name of any of the Consent Parties; or

2. otherwise subject to access by the Consenting Parties;

C. Provide counsel for the Commission, within ten (10) business days of receiving a copy of this Order, a sworn statement setting forth:

1. the identification number of each such account or asset titled in the name, individually or jointly, of any of the Consenting Parties, or held on behalf of, or for the benefit of, any of the Consenting Parties, or under the control of any of the Consenting Parties;

2. the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

3. the identification of any safe deposit box that is titled in the name, individually or jointly, of any of the Consenting Parties or is otherwise subject to access by any of the Consenting Parties;

D. Upon request by the Commission, promptly provide counsel for the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E. Cooperate with all reasonable requests of the Commission relating to implementation of this Order, including transferring funds at the Commission's direction, liquidating accounts and producing records related to accounts of the Consenting Parties, whether jointly or individually held.

*Accounting*

**VII.**

**IT IS FURTHER ORDERED** that within ten (10) days following the service of this Order, or as otherwise set forth in this Paragraph, the Consenting Parties shall, if it has not already been done:

A. Provide counsel for the Commission with a full accounting of all funds, documents, and assets held outside of the United States which are (1) titled in the name of any of the Consenting Parties; or (2) held by any person or entity for the benefit of any of the

Consenting Parties; or (3) under any of the Consenting Parties' names, direct or indirect control, whether jointly or singly;

B. Within ten (10) days following the service of this Order, provide counsel for the Commission access to all records of accounts or assets of held by financial institutions located within the United States by signing the Consent to Release of Financial Records attached to this Order.

C. Within ten (10) days following the service of this Order, transfer to the territory of the United States and deliver to the Receiver, Gerald B. Wald, Murai, Wald, Biondo & Moreno, P.A, 9th Floor Ingraham Building, 25 Southeast 2nd Avenue Miami, Florida 33131, all funds, documents, and assets located in foreign countries which are (1) titled in the name of any of the Consenting Parties, or (2) held by any person or entity for the benefit of any of the Consenting Parties; or (3) under the Consenting Parties' direct or indirect control; and

D. Within ten (10) days following the service of this Order, provide counsel for the Commission access to all records of accounts or assets of held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order.

***Delivery of Funds and Documents***

**VIII.**

**IT IS FURTHER ORDERED** that the Consenting Parties, along with any of their agents, servants, employees or assigns and persons in active concert or participation with any of them who receives actual notice of this Order by personal service or otherwise, and all other persons or entities served with a copy of this Order, shall, immediately upon service of this Order upon them or within such time as permitted by the Court, deliver over to the Commission or, in the case of funds, assets or property, to the Receiver, Gerald B. Wald, Murai, Wald, Biondo & Moreno, P.A, 9th Floor Ingraham Building, 25 Southeast 2nd Avenue Miami, Florida 33131:

A. Possession and custody of all funds, assets, property, and all other assets, wherever situated, owned, directly, beneficially or otherwise, by any of the Consenting Parties;

B. Possession and custody of documents of any of the Consenting Parties, including but not limited to, all passports, books and records of accounts, financial and accounting records, balance sheets, income statements, bank records (including monthly statements, brokerage records, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

C. Possession and custody of all funds and other assets belonging to members of the public now held by any of the Consenting Parties;

D. all keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of any of the Consenting Parties, including but not limited to, access to business premises of any of the Consenting Parties, means of communication, accounts, computer systems, or other property; and

E. Information identifying the accounts, corporations, partnerships, affiliates, employees, properties or other assets or obligations of any of the Consenting Parties.

***Stay of All Actions***

**IX.**

**IT IS FURTHER ORDERED** that except by leave of the Court, during the pendency of this preliminary injunction, the Consenting Parties and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, any Consenting Parties, including, but not limited to, the following actions:

A. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of, or any property claimed by, any of the Consenting Parties, or attempting to foreclose, forfeit, alter or terminate any of the Consenting Parties' interests in property, whether such acts are part of a judicial proceeding or otherwise;

C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, where ever located, owned by or in the possession of any of the Consenting Parties; and

D. Doing any act or thing to interfere with the Commission, the Receiver or the Court in taking control, possession or management of any property subject to this Order, or in any way interfering with the Commission, the Receiver or the Court or with the exclusive jurisdiction of this Court over the property and assets of any of the Consenting Parties.

***Maintenance of and Access to Records***

**X.**

**IT IS HEREBY ORDERED** that the Consenting Parties and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of any of the Consenting Parties.

XI.

**IT IS FURTHER ORDERED** that representatives of the Commission be immediately allowed to inspect the books, records, and other documents of any of the Consenting Parties and their agents, including, but not limited to, paper documents, electronically stored data, tape recordings, and computer disks, wherever they may be situated and whether they are in the possession of Consenting Parties or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

***Service of Order***

XII.

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any of the Consenting Parties that may be subject to any provision of this Order.

***Service on the Commission***

XIII.

**IT IS FURTHER ORDERED** that the Consenting Parties shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy by Federal Express or other overnight service, or facsimile if practicable to (202) 418-5531, to Wendy Woods, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581.

XIV.

**IT IS FURTHER ORDERED** that discovery in this action is expedited as follows: pursuant to Rules 26, 30, 33, 24, 26 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Rule 26(f), the Commission may take depositions, obtain production of documents, and take discovery by other means authorized by the Federal Rules of Civil Procedure, upon three (3) days notice by facsimile or otherwise.

XV.

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further Order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

**SO ORDERED**, at Miami, Florida, on this 4 day of October, 2002, at 9:05 .a.m.

Alan S. Gold
United States District Judge

**CONSENTED TO BY THE PARTIES:**

**For Plaintiff:**

Wendy Woods, Esq.
U. S. Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st St. NW
Washington, DC 20581
PA Bar # 49609
Tel: 202-418-5402
Fax: 202-418-5531
E-mail: wwoods@cftc.gov

**For The Consenting Parties:**

G. Freder for

John Drohan, Esq.
Drohan & Drohan
**150 E. 58th Street**
**New York, NY 10155**
**(212) 644-7444**
**Fax (212) 317-2946**
**John_Drohan@drony.com**

DONALD C. O'NEILL

**CONSENT TO RELEASE OF FINANCIAL RECORDS**

I, Donald C. O'Neill, individually and on behalf of the following companies, each of which I own and control -- Frecom Technology Corporation, Momentum Trading Group, Ltd., NDT Fund, LLC, Orca Funds, Inc., Orca Capital Fund A, LLC, Orca Mohave A, LLC, Orca Hopi A, LLC, and Shelaley Holdings, LLC and Intro FX, LLC -- do hereby direct any financial or brokerage institution, business entity, or bank or trust company at which I have an account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to said bank accounts to any attorney of the Commodity Futures Trading Commission, and to give evidence relevant thereto, in the matter of *Commodity Futures Trading Commission v. Donald C. O'Neill, et al.*, now pending before the United States District Court for the Southern District of Florida as Civil Action No. 02-61307 CIV-GOLD, and this shall be irrevocable authority for so doing.

This direction also is intended to apply to the laws of countries other than the United States which restrict or prohibit the disclosure or bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the bank accounts for which I may be a relevant principal.

Dated: ~~September~~ 10 13, 2002

Donald C. O'Neill