UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
02-61307-CIV-GOLD/SIMONTON

COMMODITY FUTURES
TRADING COMMISSION,

    Plaintiff,

vs.

RONALD O'NEILL, et al.,

    Defendants,

DANIELLE O'NEILL, et al.,

    Relief Defendants.
_____/



## SUPPLEMENTAL ORDER OF JUDGMENT ON RESTITUTION AND CIVIL MONETARY PENALTIES AGAINST DEFENDANTS

This matter is before the Court upon Plaintiff Commodity Futures Trading Commission's ("Commission") Motion and Brief In Support of Proposed Amounts of Restitution and Civil Monetary Penalties

On September 17, 2002, the Commission filed a Complaint against Defendants seeking a Statutory Restraining Order, Injunctive, and Other Equitable Relief [DE #1]. The complaint alleges that Defendants fraudulently solicited at least $13 million from investors and misappropriated a minimum of $10.6 million of investor funds that they used for business personal, and luxury expenditures. On September 17, 2002, the Court signed a Statutory Restraining Order Freezing Assets and appointing a Temporary Receiver. On October 4, 2002, the Court signed a Consent Decree and Order of Preliminary Injunction also freezing the Defendants' assets, appointing a receiver, and staying all actions against the receiver or the Defendants. [DE # 30] On October 18, 2003, the Defendants filed an answer

to the complaint. [DE #47] On February 11, 2003, the Defendants' attorneys were allowed to withdraw because of their inability to contact Defendant O'Neill. [DE # 89] On September 8, 2003, Plaintiff filed a Motion for Sanctions on Defendants' Failure to Provide Discovery, or in alternative, to Compel Deposition Testimony [DE # 127]. On November 14, 2003 the Court granted Plaintiff's Motion for Sanctions and signed an Order of Permanent Injunction and Entry of Final Judgment by Default Against Defendants [DE #141]

As Defendants violated Section 4b(a) of the Act, 7 U.S.C. § 6b(a)(2001) and Commission Regulation 1.1, 17 C.F.R. §1.1(b)(2002), in that they have, directly or indirectly, in or in connection with an order to make, or the making of, a contract of sale of a commodity for future delivery (i) cheated or defrauded or attempted to cheat or defraud other persons; (ii) willfully made or caused to be made to other persons false reports or statements relating to futures transactions, or willfully entered or caused to be entered for other persons false reports thereof; or (iii) willfully deceived or attempted to deceive other persons:

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

A. Plaintiff Commission is awarded judgment against Defendants for restitution of customer funds in the amount of $11,519,659.67, along with prejudgment interest (calculated from October 1, 2002 through September 30, 2003) in the amount of $ 626,852.33, for a total of $ 12,146,512.00 ("Restitution Obligation"). Post-judgment interest shall accrue on the Restitution Obligation at the rate established pursuant to 28 U.S.C. § 1961.

B. Defendant shall pay the Restitution Obligation set forth above in Paragraph A to the National Futures Association ("NFA"), which shall be designated as Monitor for the purpose of distributing any funds paid as restitution for the period beginning with the date of entry of this Order and continuing until distribution of the complete Restitution Obligation

called for by this Order. The Commission will submit a list of person ("List of Investor)" to whom restitution shall me made, including the pro-rata share of the Restitution Obligation of each investor, for the Court's approval after a canvassing of customers has been conducted. The Commission will then provide the Monitor with the List of Investors. Omission from the List of Investors shall in no way limit the ability of any investor to seek recovery from Defendant or any other person or entity. Further, the amounts contained in the List of Investor shall not limit the ability of any investor to prove that a greater amount is owed from Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any investor that exist under state or common law.

C. Defendants shall submit restitution payments to the Monitor at the following address, the National Futures Association, Attention: Daniel A. Driscoll, 200 W. Madison Street, Chicago, IL 60606.

D. Plaintiff Commission is further awarded a civil monetary penalty in the amount of $10,609,133.33 based on the amount the Defendants misappropriate and constitutes their monetary gain. Further, Defendants shall pay post-judgment interest on the civil monetary penalty amount thereon from the date of this Order until the civil monetary penalty amount is paid in full at the rate established pursuant to 28 U.S.C. § 1961. The civil monetary penalty shall be paid only after the Defendants have satisfied the full amount of the Restitution Obligation and its accrued post-judgment interest owed to customers. The Defendants shall make the payment of the civil monetary penalty by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission, and sent to Dennese Posey, or her successor, Division of Enforcement, Commodity Futures Trading Commission, Three

Lafayette Centre, 1155 21st Street, N.W., Washington, DC 20581, under cover of a letter that identifies the Defendants and the name and docket number of the proceeding; the Defendants shall simultaneously transmit a copy of the cover letter and the form of payment to the Monitor and to the Director, Division of Enforcement, Commodity Futures Trading Commission, at the following address: Three Lafayette Centre, 1155 21st Street, N.W., Washington, DC 20581.

E.  The Commission shall, within **sixty (60) days of the date of this Order,** submit additional arguments to establish the priority and mechanism for allocating and distributing restitution among the customers, including the List of Investors, and to establish the status of third-party claims against the Defendants and the receivership estate, including those claims of the intervenors in this case.

**IT IS FURTHER ORDERED** that the Defendant may in turn submit evidence as well, solely on the issue of civil monetary penalties, restitution and disgorgement, no later than ten (10) days after service by the Commission.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action, and of any ancillary or supplemental actions hereto, in order to, among other things, implement and carry out the terms of all orders, judgments, and decrees that may be entered herein, including those that may be necessary to assure compliance with the Order of Permanent Injunction and Entry of Final Judgment Against Defendants.

**SO ORDERED,** at Miami, Florida on this __14__ day of June, 2004.

                                                                _____
                                                                ALAN S. GOLD
                                                                United States District Judge

Copies furnished to:

**US Magistrate Judge Andrea Simonton**
**Ghassan Hitti, Esq.**
1155 21st St., NW
Washington, DC 20581
**Donald O'Neill,** *pro se*
1098 S. Military Trl., #202
Deerfield Beach, #202 FL 33442
**Gerald Wald, Esq. (Receiver)**
900 Ingraham Building
25 SE 2nd Avenue, Miami, FL 33131
**Danielle Iagrossi, f.k.a. Danielle O'Neill**
102 NE 13th Street
Delray Beach, FL 33444
**Nancy Iagrossi**
102 NE 13th Street
**Delray Beach, FL 33444**
**Howard J. Schumacher, Esq.**
*Attorney for Robert O'Neill*
Suite 700
1 E. Broward Boulevard
Fort Lauderdale, FL 33301
**Scott Alan Mager, Esq.**
*Attorney for Elite Golf Cruises*
Mager and Associates
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, FL 33301
**Jeannette Lewis Bologna, Esq.**
*Attorney for Michelle Knipp*
Haggard Parks Haggard and Bologna
330 Alhambra Circle
1st Floor
Coral Gables, FL 33134
**Alan H. Fein**
*Attorney for Intervenor Presidential Aviation*
Stearns, Weaver, Miller, Weissler, Alhadeff, Sitterson, PA
Suite 2200, Museum Tower
150 West Flagler Street
Miami, Florida 33130
**Joseph M. Goldstein**
*Attorney for Intervenor Starmark*
200 East Broward Blvd.
Wachovia Center, Suite 2000
Fort Lauderdale, Florida 33301